**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DIAMOND MANUFACTURING COMPANY, Inc., Respondent.**

**No. 19224.**

United States Court of Appeals Fifth Circuit.

Nov. 21, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, Paul Elkind, Atty., N. L. R. B., Washington, D. C., for petitioner.

B. F. Diamond, in pro. per.

R. L. Hill, in pro. per.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and JOHNSON, District Judge.

TUTTLE, Chief Judge.

This case came on for hearing on an order to show cause why the respondents, Diamond Manufacturing Company, Inc., and Bernard F. Diamond, should not be adjudged in civil contempt of this Court for their failure to comply with the orders entered by the Court on December 6, 1961.

The respondents appeared in court without counsel, and, upon inquiry from the Court, respondent, Diamond, speaking on his own behalf and on behalf of respondent Corporation, stated that he did not wish to have counsel represent him. Respondents are both financially able to furnish counsel to represent them if they so desire.

It appeared from the answer previously filed by respondents that they admitted that they had failed to comply with that part of this Court's order that required that they

"Post at its plant at Savannah, Georgia, copies of the notice attached hereto marked Appendix. Copies of such notice to be furnished by the Regional Director for the Tenth Region of the National Labor Relations Board (Atlanta, Georgia) shall, after being signed by an authorized representative of the Respondent, be posted immediately upon the receipt thereof and be maintained by it for a period of sixty (60) consecutive days thereafter in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to insure that such notices are not altered, defaced or covered by any other material.

"Notify the said Regional Director, in writing, within ten (10) days from the date of this decree what steps the Respondent has taken to comply herewith."

The only excuse offered by respondents for failing to comply with these terms of the order is contained in the following written statement filed by them:

"Nevertheless it is the Company's sincere conviction that this notice would have been unfair to the best interest of some of the employees, for it might have convinced these men that the Company encouraged them to join a Union. The Company doubts that Congress intended that any firm in a similar situation should be required to post such a notice."

The failure of the respondents, therefore, to comply with this order of the Court was openly done and was done without even attempting to obtain legal advice as to the correctness of the Company's position. We must, therefore, conclude that it was done in a wilful and intentional disregard of this Court's order.

The National Labor Relations Board also contended on the hearing, as it did in its motion of adjudication of civil contempt, that respondent company failed to carry out the order of this Court requiring them to carry on collective bargaining in good faith with District Lodge 96, International Association of Machinists, AFL-CIO, and Lodge 26, International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO, as the exclusive representatives of all of its production and maintenance employees at its Savannah, Georgia, plant.

The issues as to whether respondents carried on negotiations in good faith, as required by this Court's order, are issues of fact, although it appears from the undisputed allegations in the Labor Board's motion that at least in some respects respondents have failed fully to carry out their obligations in this respect. Nevertheless, the Court is unable to determine without a trial and the taking of evidence whether respondents have wilfully violated the orders of this Court touching on the requirement that they bargain in good faith with the representatives of their employees at the Savannah, Georgia, plant. The Board did not appear with the witnesses necessary to prove this fact issue.

During the hearing respondent, Diamond, speaking for himself and for the Corporation, expressly and unequivocally stated it to be his intent hereafter to carry out in full all of the orders heretofore entered by this Court.

Therefore, premises considered, it is adjudged that the said Diamond Manufacturing Company, Inc. and Bernard F. Diamond, are in civil contempt of this Court for violating, resisting and disobeying the order of this Court above set out requiring the posting of the notice and notifying the Regional Director in writing of steps taken in compliance with this Court's previous order. The respondent, Diamond Manufacturing Company, Inc., is hereby fined $500.00 per week, effective from the date of this order, until it has fully complied with the said order of this Court.

The said Bernard F. Diamond is fined $500.00 per week, effective the date of this order, until he fully complies with the said order of this Court;

Provided, however, that both of said respondents may purge themselves from this judgment of contempt if within ten (10) days from the date of this order they shall fully comply with said order and have filed an affidavit certifying to such compliance, in which event the said fines shall stand remitted.

This disposition of the motion filed on behalf of the National Labor Relations Board is without prejudice to the right of the Board to bring further proceedings in the nature of motion for adjudgment of civil contempt against the said respondents unless they immediately proceed to comply with all of the other terms of the original decree of this Court, which they have not in good faith complied with, and it is also without prejudice the right of this Court to have them proceeded against as for criminal contempt in the event of any future violation, resistance or disobedience of any of the terms of the decree ·of December 6, 1961.